**UNITED STATES OF AMERICA,**
**Appellee,**

v.

**Joseph ALLEN, Defendant–Appellant.**

**No. 05–2534.**

United States Court of Appeals,
Second Circuit.

March 2, 2006.

John G. Duncan, Assistant United States Attorney (for Glenn T. Suddaby, United States Attorney for the Northern District of New York), Syracuse, N.Y. for Appellee.

Thomas Theophilos, Buffalo, N.Y., for Defendant–Appellant.

Present: Hon. PIERRE N. LEVAL, Hon. ROBERT A. KATZMANN, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Joseph Allen appeals from the final judgment of conviction entered by the district court (Mordue, J.), sentencing him to 57 months in prison after a conditional guilty plea that reserved his right to appeal the district court's denial of his motion to suppress evidence seized and statements made allegedly in violation of his constitutional rights under the Fourth, Fifth, and Sixth Amendments. Allen now challenges that suppression decision on Fourth, Fifth, and Sixth Amendment grounds. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of issues presented on appeal, which we reference only as necessary to explain our decision.

After a motion to suppress has been denied, we review the evidence supporting the denial in the light most favorable to the government, overturning the district court's factual findings only if clearly erroneous. *See United States v. Peterson,* 100 F.3d 7, 11 (2d Cir.1996). We review the district court's legal conclusions *de novo. See United States v. Moran Vargas,* 376 F.3d 112, 114 (2d Cir.2004).

Allen's first argument is that the evidence seized during the warrantless search of his home must be suppressed

because his live-in girlfriend's consent to the search was not voluntary and because the search conducted exceeded the scope of any consent given. This argument must fail. Unanimous testimony given by Allen's girlfriend and the law enforcement officials who conducted the search indicated that at all times her consent was freely given and without limitation. We will not disturb a district court's conclusion that consent was given voluntarily unless that conclusion is clearly erroneous. *See Peterson,* 100 F.3d at 11. Our independent review of the record reveals no such error.

■ Allen's second argument, that no probable cause existed to support the subsequently issued search warrant, cannot succeed once we have rejected his first argument. There is no question that the magistrate judge who issued the search warrant for a second search had a substantial basis for concluding that probable cause existed after reviewing the requesting officer's affidavit that included, *inter alia,* a description of the counterfeit money and gun found at the residence. *See Illinois v. Gates,* 462 U.S. 213, 238–39, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Nor is there any basis for concluding that the requesting officer acted in bad faith by failing to provide any potentially adverse information to the issuing magistrate judge. *See United States v. Reilly,* 76 F.3d 1271, 1280 (2d Cir.1996).

■ Allen's third argument raises concerns with the warrant's lack of perfect compliance with the technical requirements of Rule 41 of the Federal Rules of Criminal Procedure. While we do not countenance such lack of compliance, we have stated that "violations of Rule 41 alone should not lead to exclusion unless (1) there was 'prejudice' in the sense that the search might not have occurred or would not have been so abrasive if the Rule had been followed, or (2) there is evidence of intentional and deliberate disregard of a provision in the Rule." *United States v. Burke,* 517 F.2d 377, 386–87 (2d Cir.1975). Allen has offered nothing to show that he was prejudiced by any violation of Rule 41, and his argument that the officers engaged in intentional and deliberate disregard of the Rule's provisions is nothing more than speculation.

■ Allen's fourth argument is that his incriminating statements made to law enforcement officers on December 6, 2002 were obtained in violation of his Fifth and Sixth Amendment rights to counsel and must accordingly be suppressed. This argument cannot prevail. He failed to invoke his Fifth Amendment right to counsel at the December 6, 2002 interview in any way recognized by the law. *See Davis v. United States,* 512 U.S. 452, 459, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994); *Diaz v. Senkowski,* 76 F.3d 61, 64 (2d Cir.1996). Nor had he invoked his Fifth Amendment right to counsel at any time before the December 6, 2002 interview such that the prophylactic right set forth in *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), was triggered, as neither his abortive conversation with the pretrial services employee nor his written requests to prison officials (which he failed to show were in fact received) constituted custodial interrogation to which a Fifth Amendment right to counsel attaches. *See McNeil v. Wisconsin,* 501 U.S. 171, 176–78, 182 n. 3, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991); *United States v. Rodriguez,* 356 F.3d 254, 258–59 (2d Cir.2004); *see also United States v. Adegbite,* 846 F.2d 834, 838–39 (2d Cir.1988) (noting that "the solicitation of information concerning a person's identity and background does not amount to custodial interrogation prohibited by *Miranda.*"); *United States v. McLaughlin,* 777 F.2d 388, 391–92 (8th Cir.1985) (noting in context of pretrial service interview that "a request for routine

information necessary for basic identification purposes is not interrogation under *Miranda*, even if the information turns out to be incriminating" provided that the government agent is not reasonably aware that the information sought is directly relevant to the substantive offense charged); *cf. United States v. Morales*, 834 F.2d 35, 38 (2d Cir.1987) (holding that questioning by a physician's assistant about a package that an incarcerated defendant dropped during a routine physical evaluation did not rise to the level of custodial interrogation); *Alston v. Redman*, 34 F.3d 1237, 1250–52 (3d Cir.1994) (holding that incarcerated defendant's anticipatory written statement to prison warden that he did not want to be interviewed by law enforcement without an attorney did not properly invoke Fifth Amendment right to counsel because it was raised outside the context of custodial interrogation).

Further, Allen's appearance with counsel at his arraignment on separate state charges did not invoke a Sixth Amendment right to counsel that applied to the federal charges that were the subject of the December 6, 2002 questioning, for the Supreme Court has clearly stated that the Sixth Amendment right to counsel is offense specific. *See Texas v. Cobb*, 532 U.S. 162, 164, 121 S.Ct. 1335, 149 L.Ed.2d 321 (2001); *McNeil*, 501 U.S. at 175, 111 S.Ct. 2204. Nor did this appearance with counsel invoke his Fifth Amendment right to counsel, which, again, must be made in the context of custodial interrogation. *See McNeil*, 501 U.S. at 178, 111 S.Ct. 2204.

We have considered all of appellant's arguments and find them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.